UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 08-28-DCR

JAN F. BECKER,                                                                                           PETITIONER,

V.                          **MAGISTRATE JUDGE'S REPORT
                              AND RECOMMENDATION**

MICHAEL B. MUKASEY, et al.,                                                                RESPONDENTS.

I. INTRODUCTION

Petitioner, Jan F. Becker, a prisoner currently incarcerated at the Marion Correctional Institution in Marion, Ohio, filed herein a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1.] According to the petition, the Petitioner seeks to challenge his conviction in the Holmes County Common Pleas Court, an Ohio state court. [Id.] Consistent with local practice, this matter was referred to the undersigned for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that this matter be dismissed.

II. PROCEDURAL BACKGROUND

Petitioner filed the instant petition on June 10, 2008. [R. 1.] The petition names some seventy respondents, and contains many references that are patently inapplicable to the Petitioner's underlying state court conviction for multiple sexual crimes. [Id.] Following his conviction, the Petitioner filed a § 2254 habeas petition in the Northern District of Ohio. [R. 1, Exh. at 2]. The petition was denied by the district court, and said denial was affirmed in an unpublished decision of the Sixth Circuit Court of Appeals. [R. 1, Exh. at 1-2]. Since his original conviction, the Petitioner has filed seemingly identical habeas petitions throughout the country. A cursory glance at Westlaw

reveals that since December of 2006, there are at least twelve instances where a court has dismissed a habeas action brought by the Petitioner. Becker v. Hudson, No. 2:06-cv-830 (S.D. Ohio, Dec. 22, 2006); Becker v. Hudson, No. 3:06-cv-P644-C (W.D. Ky., April 2, 2007); Becker v. Hudson, No. 4:07-cv-19-MP-WCS (N.D. Fla., May 15, 2007); Becker v. Hudson, No. 07-C-852 (E.D. Wisc., Oct. 4, 2007); Becker v. Warden, Mansfield Corr. Inst., No. 9:07-3158-HMH-GCK (D. S.C., Nov. 5, 2007); Becker v. Hudson, No. 4:07-cv-826 WRW/BD (E.D. Ark., Nov. 8, 2007); Becker v. Hudson, No. 8:07-cv-372 (D. Neb., Nov. 8, 2007); Becker v. Hudson, Civil No. 07-741-JPG (S.D. Ill., Nov. 9, 2007); Becker v. Hudson, No. Civ. 07-369-RAW-KEW (E.D. Okla., Nov. 30, 2007); Becker v. Hudson, No. 3:07-cv-218 RNC (D. Conn., Dec. 8, 2007); Becker v. Hudson, No. CV 07-108-GF-SEH (D. Mont., Dec. 20, 2007); Becker v. Hudson, No. 07-3243-SAC (D. Kan., Jan. 16, 2008).[1]

### III. ANALYSIS

Under Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, it is the responsibility of the District Court to conduct a preliminary review of the petition. "If it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. The undersigned has conducted such a review and has determined that the petition should be dismissed for two reasons: first, the Petitioner has filed in the incorrect jurisdiction; and second, a review of the petition and exhibits shows that the petition is totally without merit.

---

[1] The Petitioner has filed other cases that are not available on Westlaw. See, e.g. Becker v. Hudson, No. 07-115-WJ-KBM (D. N.M., Mar. 13, 2007); Becker v. Hudson, No. 07-352-S-LDA (D.R.I., Oct. 15, 2007). Magistrate Judge Keith Strong of the District of Montana also noted that the Petitioner has filed additional cases in Texas, Tennessee, California, Massachusetts, Wyoming, Washington, Arizona, Iowa, the District of Columbia, Delaware, West Virginia, Missouri, Virginia, New York, Georgia, North Carolina, Maryland and Pennsylvania. Becker v. Hudson, 2007 WL 4564177 at *3 (D. Mont., 2007).

As to the first reason, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA") provides that an application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him... ." 28 U.S.C. § 2241(d). Furthermore, the Supreme Court has held that, in accordance with the mandate of AEDPA, "[d]istrict courts are limited to granting habeas relief within their respective jurisdictions. We have interpreted this language to require nothing more than that the court issuing the writ have jurisdiction over the custodian." Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (internal citations and punctuation omitted). It is plainly apparent from the petition that the Eastern District of Kentucky is an improper venue for this matter. The underlying conviction occurred in an Ohio state court, and the Petitioner is being held in an Ohio state penitentiary. The Petitioner's conviction did not occur in the state of Kentucky, and this Court has no jurisdiction over the Petitioner's custodian. This Court cannot issue a writ of habeas corpus in this matter.

Where an action could be properly filed in more than one district, a federal court may transfer the matter, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses to any other district where it might have been brought. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973). However, as is readily apparent from the petition itself, as well as the Petitioner's extensive history of vexatious litigation, this petition is completely lacking in legal merit. It contains little information that is relevant to the actual underlying conviction and, even granting a liberal construction to the pro se pleadings, is legally insufficient on its face. The Petitioner's repetitive, multi-district filings result in a waste of judicial resources, and this Court believes that a transfer of this matter to the Northern District of Ohio is not in the interests of justice.

3

Under Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, it is the responsibility of the District Court to conduct a preliminary review of the petition. "If it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. Having conducted such a review, the undersigned recommends that the petition in this matter be dismissed, as it is devoid of all legal merit.

IV. CONCLUSION

Accordingly, for the reasons set forth above, it is recommended as follows:

(1)     The Petition for Writ of Habeas Corpus should be DISMISSED;

(2)     The Motion to Proceed In Forma Pauperis should be DENIED AS MOOT.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed June 23, 2008.



**Signed By:**
*Edward B. Atkins* ℰℬ𝒜
**United States Magistrate Judge**